**Motions Granted; Abatement Order filed December 5, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00752-CR
_____

**DARLEN G. SCHNEXNAIDER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 1
Fort Bend County, Texas
Trial Court Cause No. 10CCR150286**

---

### ABATEMENT ORDER

Appellant is represented by retained counsel, Stanley G. Schneider. On December 2, 2013, counsel filed a motion to withdraw and a motion to abate the appeal. In his motions, counsel stated that appellant has expressed her desire to not proceed with her appeal. According to counsel's motions, appellant has refused to put her desire of dismissing her appeal in writing. Counsel, therefore, has requested to withdraw as appellate counsel and has asked this court to abate the appeal for the purpose of recording appellant's desire to withdraw her appeal.

Accordingly, the judge of the County Court at Law No. 1 shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether appellant desires to prosecute her appeal; (b) whether appellant is indigent; and (c) if not indigent, whether appellant has abandoned the appeal. If appellant desires to continue the appeal, the judge shall appoint new appellate counsel for appellant

The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court on or before **January 6, 2014.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM